**Christ YANACOS, Plaintiff,**

v.

**LAKE COUNTY, OHIO, et al., Defendant.**

**No. 1:96 CV 304.**

United States District Court,
N.D. Ohio,
Eastern Division.

Dec. 23, 1996.

---

John P. Luskin, Cleveland, OH, for plaintiff.

William L. Sheroke, Painesville, OH, Stephen J. Forbes, Cleveland, OH, for defendants.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter comes before the Court on Defendants' Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 and/or a Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6) (Doc. # 8). For the following reasons stated below, Defendants' Motion for Summary Judgment and/or Motion to Dismiss is GRANTED.

Plaintiff, Christ Yanacos, a former employee of the Lake County Sheriff's Department, brings this action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621; and, as a civil rights action under 42 U.S.C. § 1983. He also asserts a pendent state law claim under Article I, § 11 of the Constitution of the State of Ohio. The action charges the Lake County Sheriff's Department, Sheriff Daniel A. Dunlap, John Doe unknown Deputy Sheriff, and Lake County, (hereinafter collectively referred to as "Defendants") with Age Discrimination and deprivation of constitutional rights protected by the First Amendment in connection with his employment.

Defendant Lake County Sheriff's Department hired Christ Yanacos as an evidence manager in 1989. During 1989, as an evidence manager, he applied for and was promoted to the position of Civil Process Server and then Court Personnel Officer. These positions were approved and authorized by former Lake County Sheriff Patrick Walsh.

In early January 1993, Defendant Daniel A. Dunlap, the newly elected Sheriff of Lake County took office. After taking office, Sheriff Dunlap reassigned Mr. Yanacos from his Court Personnel Officer position to the position of a Road Patrol Deputy. This position required Mr. Yanacos to conduct traffic direction at motor vehicle accident scenes. Mr. Yanacos received no formal training on how to perform the duties of this position.

On February 16, 1993, shortly after Mr. Yanacos was reassigned to the position of Road Patrol Deputy, he was sent to investigate a serious truck accident on Interstate 90. Mr. Yanacos was conducting traffic direction when he was struck by a vehicle that was spinning out of control.

As a result of being reassigned to the position of Road Patrol Deputy, Mr. Yanacos filed an age discrimination charge with the EEOC on September 27, 1993. Mr. Yanacos claimed that he was removed from Court Services to Road Patrol Deputy on the basis of his age.

A year after Mr. Yanacos filed an Age Discrimination charge with the EEOC, he filed a Complaint in the Court of Common Pleas, Lake County, Ohio on November 2, 1994. In that Complaint, Mr. Yanacos alleged that Lake County Sheriff's Department and Sheriff Daniel A. Dunlap negligently failed to provide adequate training and assistance for the duties that Mr. Yanacos was ordered to perform.

The Lake County Court of Common Pleas dismissed Defendants, on May 30, 1995, because they were immune from liability based upon Ohio Revised Code § 4123.74.

A month after Lake County Court of Common Pleas dismissed Plaintiff's Complaint, the EEOC issued a right to sue letter to Plaintiff on June 30, 1995, finding that there was no basis for his Age Discrimination claim, but notifying him of his right to pursue his claim in federal court.

Mr. Yanacos filed a Complaint with this Court on February 12, 1996. In this Complaint Mr. Yanacos again raises an Age Discrimination in Employment Act (hereinafter "ADEA") claim based on his transfer to Road Patrol Deputy as well as a Section 1983 claim based on his belief that he was not properly trained for that position. In addition, Mr. Yanacos alleges that the purported failure of training was also the result of discrimination based upon his political affiliation, and that his rights as protected by the Ohio Constitution were violated.

Defendants filed a Motion for Summary Judgment and/or Motion to Dismiss. The basis of Defendants' argument is that the two year statute of limitation has run on Plaintiff's Section 1983 action. Further, Defendants argue that Plaintiff's ADEA claim is barred because Plaintiff failed to file his claim before the Court within ninety days of the date he received his right to sue letter from the EEOC. Additionally, Defendants move to dismiss the state law claims under Article I § 11 of the Constitution of the State of Ohio on the basis that this constitutional provision does not set forth a cause of action for a violation of such constitutional right.

## LAW AND ARGUMENT

### I. Summary Judgment Standard

Summary judgment is appropriate where the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions answers to interrogatories, and admissions on file, to-

gether with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (citing FED.R.CIV.P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion "in the light most favorable to the party opposing the motion." *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), *see also U.S. v. Hodges X–Ray, Inc.,* 759 F.2d 557, 562 (6th Cir.1985).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.,* 48 F.3d 937, 941 (6th Cir.1995) (citing *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis,* 57 F.3d 476, 478 (6th Cir.1995) (quoting *Anderson,* at 248–49, 106 S.Ct. at 2510–11 (1986)). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11 (citation omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252, 106 S.Ct. at 2512. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir.1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the

nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Department of Transportation*, 53 F.3d 146, 149 (6th Cir.1995). The text of FED.R.CIV.P. 56(e) states:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

*Id.* The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate.

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred that, " 'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.' " *Wiley v. U.S.*, 20 F.3d 222 (6th Cir.1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988)). FED.R.CIV.P. 56(e) also has certain, more specific requirements:

[it] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, at 225–26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect. The burden is on the opposing party to object to the improper evidence; failure to object constitutes a waiver.

If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id.* at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249, 106 S.Ct. at 2510–11. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails:

the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

### Section 1983 Claim

■ Defendants argue that Mr. Yanacos's 42 U.S.C. § 1983 claims are barred by a two year statute of limitations. Mr. Yanacos contends that his § 1983 claims are governed by a three year statute of limitations.

■ It is well established in the Sixth Circuit, that the statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is two years after the discrimination occurs. *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1105 (6th Cir.1995); *Hull v. Cuyahoga Valley Board of Education*, 926 F.2d 505, 510 (6th Cir.1991); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir.1989). In this case, the latest the statute of limitations could commence for purposes of the § 1983 claim was February

16, 1993 when Mr. Yanacos was injured in the car accident. Mr. Yanacos filed his Complaint on February 12, 1996, over three years after the accident. Therefore, as a matter of law, Mr. Yanacos's § 1983 claim is barred by the two year statute of limitations.

### ADEA Claim

██ Defendants also argue that Mr. Yanacos's age discrimination claim is barred because Mr. Yanacos failed to file his claim before the Court within ninety days of the date he received his right to sue letter from the EEOC.

Mr. Yanacos argues that a three-year statute of limitations applies pursuant to the Portal-to-Portal Pay Act of 1947, 29 U.S.C. § 255, because the Defendants "willfully discriminated" against him.

Before Congress enacted the Civil Rights Act of 1991, The Age Discrimination in Employment Act provided that the statute of limitations for suits filed under the ADEA was two years from the date the allegedly discriminatory act took place. For willful age discrimination, the limitations period was three years. The ADEA established these limitations periods by incorporating Section 6 of the Portal-to-Portal Pay Act into the ADEA at 29 U.S.C. § 626(e) (superseded 1991). *Forest v. United States Postal Service*, 97 F.3d 137 (6th Cir.1996). In 1991 however, when Congress enacted the Civil Rights Act of 1991, it amended the statute of limitations under the ADEA to require that all age discrimination claims be filed within ninety days of the complainant's receipt of a right to sue letter from the EEOC. *Id.*

In this case, Mr. Yanacos filed his age discrimination charge with the EEOC on September 17, 1993. He alleged in his EEOC charge that he was discriminated against on the basis of age on January 4, 1993, when he was reassigned to the position of Road Patrol Deputy. On June 30, 1995, the EEOC dismissed his claim and determined that there was "not reasonable cause to believe that [Mr. Yanacos] was discriminated against as alleged." (EEOC Determination, Def.Ex. D). The EEOC further notified Mr. Yanacos that:

FOLLOWING HIS DISMISSAL, THE CHARGING PARTY MAY ONLY PURSUE THIS MATTER BY FILING SUIT AGAINST THE RESPONDENT NAMED IN THE CHARGE WITHIN 90 DAYS OF RECEIPT OF THIS LETTER. Otherwise the Charging Party's right to sue will be lost.

[Emphasis in original].

Mr. Yanacos's Complaint filed on February 12, 1996, was not filed within ninety days of the receipt of the right to sue letter indicating the EEOC dismissal of his age discrimination claim. Therefore, Mr. Yanacos's age discrimination claim, as a matter of law, is barred by the statute of limitations.

### II. Motion to dismiss

██ Defendants argue that the Ohio constitutional claim of Mr. Yanacos fails to state a claim in which relief can be granted. In Count Three, Mr. Yanacos asserts that he was discriminated against "based on his political affiliation, associations, speech and actions" in violation of Article 1 § 11 of the Constitution of the State of Ohio.

██ On a motion brought under FED. R.CIV.P. 12(b)(6), this Court's inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. See *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808 (3rd Cir.1990). In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the plaintiff." *Jones v. City of Carlisle, Ky.*, 3 F.3d 945, 947 (6th Cir.1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir.1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. See *City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D.Ohio 1993).

This Court will not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In deciding a FED. R.CIV.P. 12(b)(6) motion, this court must determine whether the plaintiff is entitled to offer evidence to support the claims made in its complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The Court when reviewing the pleadings and affidavits in a light most favorable to the Plaintiff, concludes that Mr. Yanacos's claim that he was discriminated against "based on his political affiliation, associations, speech and actions" in violation of Article 1 § 11 of the Constitution of the State of Ohio does not set forth a cause of action for a violation of such a constitutional right. *Provens v. Stark County Board of Mental Retardation & Developmental Disabilities* 64 Ohio St.3d 252, 594 N.E.2d 959 (1992). Therefore, this claim is dismissed pursuant to FED.R.CIV.P. 12(b)(6).

### Conclusion

For the foregoing reasons, the Court finds that there are no genuine issues of material fact in dispute and that Defendants are entitled to Judgment as a matter of law. Accordingly, Defendants' Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 and/or a Motion to Dismiss pursuant to FED. R.CIV.P. 12(b)(6) (Doc. # 8) is GRANTED.

IT IS SO ORDERED.

### ORDER

Pursuant to a Memorandum of Opinion and Order of this Court, Defendants' Motion for Summary Judgment (Doc. # 8) is **GRANTED.** Therefore, case is dismissed in its entirety. All costs to Plaintiff.

IT IS SO ORDERED.