**Victoria HUNTER, et al., Plaintiffs,**

v.

**Armando MENDOZA, et al., Defendants.**

**No. 3:01 CV 7444.**

United States District Court,
N.D. Ohio,
Western Division.

March 7, 2002.

Alan S. Konop, Toledo, OH, for Plaintiffs.

Gerald R. Kowalski, Kimberly J. Terpinski, Cooper & Walinski, Toledo, OH, for Defendants.

## ORDER

CARR, District Judge.

This is a tort case in which plaintiffs, Victoria and Oswald Hunter, allege defendant, Armando Mendoza ("Mendoza"), negligently operated a truck while in the scope of his employment with California Day Fresh Foods ("California Foods"). Plaintiffs claim physical injuries and loss of consortium. Jurisdiction arises pursuant to 28 U.S.C. § 1332. Pending is defendants' motion to dismiss for lack of personal jurisdiction. For the following reasons,

defendant's motion shall be denied as to Penske Truck Leasing ("Penske"), and granted as to California Foods and Mendoza.

## BACKGROUND

Plaintiffs are residents of Ohio. While traveling in Los Angeles, California, they were involved in an automobile accident on July 26, 1999. The accident involved the vehicle operated by plaintiffs and a truck operated by defendant Mendoza, a resident of California, while in the course of his employment with California Foods. The truck was leased to California Foods by defendant Penske for the purpose of delivering California Foods' products to California.

Plaintiffs allege that defendants' negligence caused the accident in which they have sustained various physical injuries to their necks and backs. Plaintiffs, in addition, claim that these injuries have deprived them of the full use of services rendered by each of them, and loss of society and companionship. California Foods is a California corporation with no known contacts or connection to Ohio. Penske is a nationwide company, incorporated in Pennsylvania, with numerous business operations in Ohio.

## STANDARD OF REVIEW

No complaint shall be dismissed unless plaintiff has failed to allege facts in support if his claim that, construed in plaintiff's favor, would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When deciding a motion pursuant to Fed.R.Civ.P. 12(b)(6), the inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record, and attached exhibits may be taken into consideration. *See Yanacos v. Lake County,* 953 F.Supp. 187, 191 (N.D.Ohio 1996). The court must accept all allegations stated in the complaint as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), while viewing the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A court, however, is not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

## DISCUSSION

### I. Specific Personal Jurisdiction

■ Plaintiff must make a prima facie showing that the court has personal jurisdiction over each defendant. *Glasstech, Inc. v. TGL Tempering Sys., Inc.,* 50 F.Supp.2d 722, 725 (N.D.Ohio 1999). To determine whether personal jurisdiction exists over non-resident defendants, the court engages in a two-step analysis: 1) the defendant must be amenable to suit under the Ohio Long Arm statute; and 2) the exercise of personal jurisdiction over defendant must not violate due process. *Ramada Franchise Sys., Inc. v. Hanna Hotel Enters., LLC.,* 147 F.Supp.2d 840, 844 (N.D.Ohio 2001) (citing *Cole v. Mileti,* 133 F.3d 433, 436 (6th Cir.1998)).

■ If defendant is amenable under the Ohio Long Arm statute, the court must then ascertain whether the exercise of personal jurisdiction over defendant comports with due process requirements. *Glasstech,* 50 F.Supp.2d at 725. In other words, defendant must "have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Because the Ohio Supreme Court has held that the Ohio Long Arm statute does not go to the limits of due process, *Goldstein v. Christiansen,*

70 Ohio St.3d 232, 238 n. 1, 638 N.E.2d 541 (1994), both prongs of this jurisdictional analysis must be met separately to satisfy the requirements for personal jurisdiction.

## A. Mendoza and California Foods

Mendoza and California Foods are residents of California. Neither defendant maintains any known connection to Ohio, nor do they transact any business in the state. In addition, the automobile accident which gave rise to plaintiffs' injuries occurred in California, not in Ohio. Since the cause of action did not arise in Ohio, the only relevant portions of the Ohio Long Arm statute, R.C. § 2307.382, that apply are:

(A) A court may exercise personal jurisdiction over a person who acts directly or by agent, as to a cause of action arising from the person's:

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

■ If the cause of action did not arise in Ohio, or out of defendants' contact with Ohio, personal jurisdiction is not proper under the first prong of the court's analysis. Taking plaintiffs' allegations as true, the negligent actions of Mendoza occurred in California. The fact that plaintiffs have continued to suffer the effects of the accident on their return to Ohio, or have received medical treatment for their injuries in Ohio, does not give rise to jurisdiction. The cause of action arose outside the state; thus, under the Ohio statute, in order for defendants to be amenable to suit in Ohio, both defendants must conduct or solicit regular business in the state of Ohio. Neither Mendoza, nor California Foods have done so.

Because the exercise of personal jurisdiction is not proper under the Ohio Long Arm statute, it is unnecessary to address the due process prong of personal jurisdiction analysis. The court does not have personal jurisdiction over defendants Mendoza and California Foods.

## B. Penske

■ Unlike Mendoza or California Foods, Penske is a nationwide company with several permanent business locations throughout Ohio. Penske regularly solicits and transacts business within and outside of the state. As a result, Penske satisfies the Ohio Long Arm statute prong of the Court's personal jurisdiction analysis under R.C. § 2307.382(a)(4). Taking the allegation of Penske's negligence in the accident in California as true, the fact that Penske regularly does and solicits several business in its several rental locations in Ohio gives the court personal jurisdiction over the company under the Ohio statute.

The exercise of personal jurisdiction over Penske also must comport with standards of fair play and substantial justice to meet the requirements of the due process clause of the Constitution. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Interpreting the due process standards of "minimum contacts" and "fair play and substantial justice," the Sixth Circuit has established a three-part test to determine whether specific personal jurisdiction exists over a non-resident defendant for due process: 1) defendant must purposefully avail himself of the privilege of conducting activities in the forum state; 2) the cause of action must arise from defendant's activities in the forum state; and 3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make its exercise of jurisdiction over defendant fundamentally fair. *Ramada*

*Franchise Sys., Inc.,* 147 F.Supp.2d at 846 (citing *Cole v. Mileti,* 133 F.3d at 436).

Penske has met the first criterion through its business contacts with Ohio. By voluntarily operating several locations throughout the state and regularly soliciting business in Ohio, Penske has "purposefully availed" itself of the privilege of acting in the forum state. The company, however, fails to meet the second criterion of the test.

■ The only requirement of the second criterion is that the cause of action, regardless of type, have a substantial connection with defendant's in-state activities. *Southern Mach. Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 384 n. 27 (6th Cir.1968). In the instant case, the cause of action arose from Penske's activities in California, not from the company's activities in the forum state. Not only did the automobile accident occur in California, plaintiffs' claim against Penske arose out of Penske's activities in California. Penske leased the truck involved in the accident to California Foods in California, not in Ohio. The cause of action for which plaintiffs seek restitution, therefore, has nothing to do with Penske's business activities in Ohio.

Because the cause of action did not arise from Penske's activities in Ohio, the court does not have to confront the final question of whether the consequences of Penske's negligent conduct have a substantial connection with the forum state so as to make the exercise of jurisdiction over defendant fair. *See id.* at 383–84. The failure of the second criterion for jurisdiction means that the court cannot exercise specific personal jurisdiction over Penske without violating due process. Although Penske meets the requirements of the Ohio Long Arm statute, the exercise of specific personal jurisdiction over Penske violates the due process clause of the Constitution. The court, consequently, cannot exercise specific personal jurisdiction over Penske.

## II. General Personal Jurisdiction

Plaintiffs, however, argue that while the court may not have specific personal jurisdiction over Penske, the court has general jurisdiction.[1]

■ Under the due process clause, there are two bases on which the court may exercise personal jurisdiction over a defendant in a diversity case. *Glasstech, Inc.,* 50 F.Supp.2d. at 725. General jurisdiction arises in cases in which a defendant's "continuous and systematic" contacts with the forum state render that defendant amenable to suit there. *Id.* Specific jurisdiction, in contrast, arises when the cause of action is related to defendant's contact with forum. *Id.*

The Supreme Court has set forth a specific test for the exercise of general jurisdiction. *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). A court may exercise general personal jurisdiction over a defendant in a suit not arising out of or related to defendant's contact with the forum state if the nature of defendant's contacts with the state are such that they are continuous and systematic. *Id.* The Supreme Court did not define the nature of "continuous and systematic" in *Helicopteros.* This determination has been left to the individual courts.

In *Helicopteros,* the Court found that defendant Helicopteros' contacts with Texas did not rise to the level of continuous and systematic. Helicopteros was a Columbian corporation engaged in the busi-

---

1. Plaintiffs do not contend this court has general jurisdiction over Mendoza or California Foods.

ness of providing helicopter transportation for oil and construction companies. *Id.* at 409, 104 S.Ct. 1868. After a helicopter owned by the company crashed in Peru with four U.S. citizens from Texas on board, their survivors brought suit in Texas. *Id.* at 410, 104 S.Ct. 1868. Helicopteros' contacts with Texas consisted of sending its chief executive officer to Houston for a contract negotiation, accepting checks drawn on a Houston bank, purchasing helicopters and extensive equipment from a Texas based company and sending personnel to Texas for training. *Id.* at 416, 104 S.Ct. 1868.

■ Plaintiffs argue that Penske's contacts with Ohio rise to the level of continuous and systematic enough to confer on Penske general jurisdiction. According to plaintiffs, Penske's contacts with Ohio are not unilateral, nor do they consist of limited instances of purchasing materials or sending employees into the state as in *Helicopteros.* Plaintiffs contend: 1) Penske has several different permanent locations throughout Ohio; 2) the company's employees remain in the state to continually transact business and to solicit business; 3) Penske derives substantial revenue from their activities in Ohio; and 4) the rental company is well known throughout the state. Taken together, viewing plaintiffs' allegations as true, these

contacts rise to the level of continuous and systematic contacts. The exercise of general jurisdiction over Penske is proper.

The issue that the court must decide, however, is whether Ohio law permits the exercise of general jurisdiction. Defendants argue that, because the Ohio Supreme Court has held the Ohio Long Arm statute does not to go to the limits of due process, courts applying Ohio law are not authorized to exercise general jurisdiction.[2] The Ohio statute limits the exercise of personal jurisdiction over a nonresident defendant to claims that arise out of its transacting business within Ohio.

■ Recent interpretation of Ohio law subsequent to the Ohio Supreme Court's decision in *Goldstein,* however, has suggested that the exercise of personal jurisdiction in Ohio is not limited to specific personal jurisdiction or causes of action arising from defendant's conduct in the state. *LSI Indus. Inc., v. Hubbell Lighting, Inc.,* 232 F.3d 1369, 1373 (Fed.Cir. 2000). Rather, when an out-of-state defendant conducts "continuous and systematic" business in Ohio, it is "doing business" in Ohio and is amenable to suit in Ohio. *Id.*[3] This general jurisdictional hook allows courts to exercise general jurisdiction over a defendant even if defendant's contacts

**2.** The Ohio Supreme Court stated, " 'Ohio has not extended long arm jurisdiction to the limits of due process.' " *Goldstein v. Christiansen,* 70 Ohio St.3d 232, 238 n. 1, 638 N.E.2d 541 (1994) (citing McCormac, Ohio Civil Rules Practice § 3.10 (2d ed.1992)).

**3.** The Court stated, in *LSI,* that the Ohio Long Arm statute does not limit personal jurisdiction in Ohio to causes of action arising from conduct it covers. "Indeed, the statute provides: 'When jurisdiction over a person is based solely on this section, only a cause of action arising from acts enumerated in this section may be asserted against him.' O.R.C. § 2307.382(c).... As the term 'solely' indi-

cates, Ohio courts can maintain personal jurisdiction over an out-of-state defendant conducting activity not enumerated in the Ohio Long Arm statute." *LSI Indus. Inc. v. Hubbell Lighting, Inc.,* 232 F.3d 1369, 1373 (Fed. Cir.2000). Further, the court stated, "the Ohio Supreme Court adopted a federal due process general jurisdiction standard is a hook for prong one of the personal jurisdiction inquiry. That is, when an out-of-state defendant 'continuous and systematic' business in Ohio, it is 'doing business' in Ohio and is amenable to process there, even if the cause of action did not arise from activity in Ohio." *Id.*

with Ohio did not give rise to the cause of action.

Similarly, in determining whether personal jurisdiction existed over a non-resident defendant, the Sixth Circuit applied Ohio law in a decision subsequent to *Goldstein.* In *Nationwide Mutual Insurance Co. v. Tryg International Insurance Co.,* 91 F.3d 790, 793 (6th Cir.1996), the court stated, "Jurisdiction may be found to exist ... generally, in cases in which a defendant's 'continuous and systematic' conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state."

Accordingly, the exercise of general jurisdiction over Penske is a proper exercise of jurisdiction under Ohio law. While Penske does not meet the Sixth Circuit's three-part due process test for specific personal jurisdiction, the company's contacts with Ohio are such that they give rise to the exercise of general jurisdiction under the "systematic and continuous" test set forth by the Supreme Court. *Helicopteros,* 466 U.S. at 414, 104 S.Ct. 1868.

## III. Supplemental Jurisdiction

Plaintiffs argue that once the exercise of personal jurisdiction is proper over one defendant, personal jurisdiction is automatically conferred over all defendants pursuant to 28 U.S.C. § 1367, through supplemental jurisdiction. Section 1367 provides in pertinent part:

(a) In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Plaintiffs allege that proper personal jurisdiction over Penske provides the basis for jurisdiction over Mendoza and California Foods precisely because plaintiffs' claims

against all three defendants form part of the same case or controversy. In support of this argument, plaintiffs cite the Supreme Court decision in *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), which set forth a test for determining "same case or controversy." In *Gibbs,* the court held that pendant jurisdiction exists whenever state and federal claims derive from the same nucleus of operative fact. *Id.* at 725, 86 S.Ct. 1130. Because the claims against defendants derive from one single accident that occurred in California, plaintiffs contend that the claims are related sufficiently to constitute the same case or controversy.

 Supplemental jurisdiction, as established by 28 U.S.C. § 1367, codified the doctrines of pendant and ancillary jurisdiction. The statute typically refers to subject matter jurisdiction and not to personal jurisdiction. WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1067 (3d ed.2002). Subject matter jurisdiction for federal courts is established either under 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity of citizenship. With regard to federal question subject matter jurisdiction, the function of supplemental jurisdiction is to confer such jurisdiction over a state claim so related to the claim arising under a federal question that they form the same case or controversy. *Gibbs,* 383 U.S. at 725, 86 S.Ct. 1130. In cases based solely on diversity of citizenship, supplemental jurisdiction functions similarly to confer subject matter jurisdiction over claims arising from the same case or controversy against any party as long as the diversity requirements of § 1332 are not violated. *See* 28 U.S.C. § 1367(b).

 Unlike subject matter jurisdiction, personal jurisdiction cannot be established pursuant to § 1367. Personal jurisdiction must be satisfied over each

defendant independently. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). "Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a 'substantial' connection with the forum state." *Id.* (citation omitted). The unilateral activity of those who harbor some relationship with a non-resident defendant, moreover, does not satisfy the requirement of contact with the forum state. *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). It is essential in each case that there be some act by which a defendant purposefully avails itself of the privilege of conducting activities in the forum state. *Id.*

Neither Mendoza nor California Foods have purposefully availed themselves of conducting business in Ohio to meet the requirement for personal jurisdiction. Although personal jurisdiction over Penske is proper, the existence of a relationship between Penske and California Foods, of which Mendoza is an agent, is not enough to confer over Mendoza or California Foods.

 In citing *Gibbs,* plaintiffs misstate the rule. The test for supplemental jurisdiction, as applied in *Gibbs,* refers not to personal jurisdiction, but to jurisdiction over a state claim that forms a common nucleus of operative fact with a federal claim, over which federal courts have subject matter jurisdiction. B*urger King Corp.,* 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528. While personal jurisdiction over Penske is proper, the court does not have personal jurisdiction over either Mendoza or California Foods pursuant to 28 U.S.C. § 1367.

Defendants' motion to dismiss shall be granted as to Mendoza and California Foods, and denied as to Penske.

## CONCLUSION

It is therefore,

## ORDERED THAT

1. Defendants' motion to dismiss for lack of personal jurisdiction be, and hereby is, granted as to defendants Mendoza and California Foods; and

2. Defendants' motion to dismiss for lack of personal jurisdiction be, and hereby is, denied as to Penske.

**So ordered.**