**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Plaintiff,

Goretti Newman, Intervenor/Plaintiff,

v.

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION 998 and International Brotherhood of Electrical Workers,** Defendants,

No. 3:02CV7374.

United States District Court,
N.D. Ohio,
Western Division.

Nov. 4, 2004.

---

C. Larry Watson, Donna L. Williams–Alexander, John D. Sargent, Equal Employment Opportunity Commission, Cleveland, OH, for Equal Employment Opportunity Commission, Plaintiff.

Linda C. Ashar, Wickens, Herzer, Panza, Cook & Batista, Avon, OH, for Goretti Newman, Plaintiff/Intervenor.

Andrea L. Whitaker, Bryan P. O'Connor, Joyce Goldstein, Goldstein & O'Connor, Cleveland, OH, Joseph J. Allotta, Marilyn L. Widman, Allotta, Farley & Widman, Toledo, OH, Robert D. Kurnick, Sherman, Dunn, Cohen, Leifer & Yellig, Washington, DC, for IBEW Local No. 998, International Brotherhood of Electrical Workers, Defendants.

## ORDER

CARR, District Judge.

This is a workplace harassment suit initiated by the Equal Employment Opportunity Commission (EEOC) on behalf of Goretti Newman against International Brotherhood of Electrical Workers Local 998 (Local 998). Newman is an employee

of Lithonia Down Lighting (Lithonia) in Vermilion, Ohio and has been a member in good standing of Local 998 since May, 1998. Lithonia's employees, in addition to Newman, are represented in collective bargaining by Local 998.

At an unspecified time during her employment, Newman complained to Lithonia management and Local 998 that she was sexually harassed by a male co-worker. Following that complaint, Newman filed a charge with the EEOC on February 12, 2001. Newman alleged that, in retaliation for complaining to Local 998 and Lithonia, Local 998 assisted others in harassing her, processed an internal union charge against her, and refused to represent her.[1]

Seventeen months later, on July 25, 2002, the EEOC filed a complaint with this court on behalf of Newman. In its complaint, the EEOC alleges that Local 998 violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by harassing, discriminating, and retaliating against Newman.

Newman subsequently intervened; she has since filed an amended complaint, joining the codefendant International Brotherhood of Electrical Workers (IBEW). She claims that the IBEW is the alter ego of Local 998, and thus liable for the actions of the local.

Newman also asserts three state common law and statutory violations: 1) common law tort of sexual harassment; 2) gender discrimination and unlawful retaliation claim in violation of O.R.C § 4112.02; and 3) common law tort of intentional infliction of emotional stress.

Pending is IBEW's motion to dismiss Newman's state law claims as time-barred. For the following reasons, defendant's motion to dismiss Newman's state law claims shall be granted in part and denied in part.

## Jurisdiction

This court has jurisdiction over these claims pursuant to § 9(a) of the National Labor Relations Act (NLRA), 29 U.S.C. § 159(a), and 28 U.S.C. §§ 1331, 1337(a), 1367. *See Breininger v. Sheet Metal Workers 6*, 493 U.S. 67, 83–84, 110 S.Ct. 424, 107 L.Ed.2d 388 (1989); *see also Kunz v. Food & Commercial Workers Local 876*, 5 F.3d 1006 (6th Cir.1993).

## Standard of Review

A motion to dismiss, pursuant to Fed. R.Civ.P. 12(b)(6), questions the sufficiency of the pleadings. No complaint shall be dismissed unless it appears beyond doubt that the defendant can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Pfennig v. Household Credit Servs.*, 295 F.3d 522, 525–26 (6th Cir.2002). When deciding a motion to dismiss, the inquiry is essentially limited to the content of the complaint. *See Yanacos v. Lake County*, 953 F.Supp. 187, 191 (N.D.Ohio 1996). However, matters of public record, orders, items appearing in the record, and attached exhibits also may be taken into account. *Id.* A court may also consider documents referred to in the complaint without thereby converting the motion into one for summary judgment. *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir.1999).

The court's task is to determine not whether the complaining party will prevail on its claims, but whether it is entitled to offer evidence in support of those claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The court must accept all the allegations stated

---

1. The alleged conduct of Local 998, which is the subject of the EEOC's and Newman's complaints, took place as early as August 1, 2000 and no later than October 25, 2000.

in the complaint as true and view the complaint in the light most favorable to the defendant. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *see also Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. The court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). While Fed.R.Civ.P. 12(b)(6) does not expressly include a defense based on the statute of limitations, the Sixth Circuit has concluded that the defense of the statute may be raised on a motion to dismiss under Rule 12(b)(6) when it is apparent on the face of the complaint that the time limit for bringing the claim has passed. *Hoover v. Langston Equipment Assocs., Inc.,* 958 F.2d 742, 744 (6th Cir.1992).

## Discussion

In *Ford Motor Co. v. Huffman,* 345 U.S. 330, 337, 73 S.Ct. 681, 97 L.Ed. 1048 (1953), the Supreme Court concluded that § 9(a) of the NLRA grants unions exclusive authority to represent collective bargaining units. This statutory authority also implicitly requires unions to serve the members of those collective bargaining units fairly and without hostility, discrimination, or arbitrary conduct. *Id.*

■ This duty of fair representation preempts and displaces analogous state law when an employee alleges that a union has discriminated against her while acting as her representative. *Vaca v. Sipes,* 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). IBEW argues that Newman's three state claims evolved out of defendants' alleged discriminatory and hostile conduct, and thus relate to the duty of fair representation and are preempted. Accordingly, IBEW insists that Newman's state claims are time-barred by the NLRA's six month limitations period. *See* 29 U.S.C. § 160(b).

Newman contends, however, that her state law claims are within § 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), rather than being related to the duty of fair representation under § 9(a) of the NLRA.

Newman asserts that preemption under § 301(a) of the LMRA is absolute only when the resolution of the state law claim substantially depends on interpretation of a collective bargaining agreement, *Lingle v. Norge Division of Magic Chef, Inc.,* 486 U.S. 399, 403, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Under this standard, Newman argues that her state law claims are not preempted because the gravamen of those claims lies outside the scope of the collective bargaining agreement. Newman fails, however, to provide support for her contention that § 301 of the LMRA governs rather than the duty of fair representation.

■ Section 301(a) of the LMRA provides relief where an employee has sued an employer for violations of contract between that employer and the labor organization representing the employee. *Lingle,* 486 U.S. at 403, 108 S.Ct. 1877. Section 301 preemption, however, is not limited to suits for breach of contract; suits alleging tortuous conduct may also be preempted if those suits involve interpretation of the collective bargaining agreement. *Allis–Chalmers Corp. v. Lueck,* 471 U.S. 202, 218, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). Newman, however, has not made her employer party to this complaint and argues that defendants' actions arose outside of the collective bargaining agreement. Therefore, Newman is not alleging claims which can be construed under § 301(a) of the LMRA. *In re Glass & Pottery Workers Local 173,* 983 F.2d 725 (6th Cir.1993). Consequently, Newman's fails to rebut defendant's argument that her state law

claims relate to the duty of fair representation.

■ The duty of fair representation encompasses an area of labor law which has been occupied so fully by Congress that it forecloses state regulation. *Maynard v. Revere Copper Prods., Inc.*, 773 F.2d 733, 735 (6th Cir.1985). Therefore, whether stated in terms of federal or state law, claims for breach of the duty of fair representation are governed by federal law. *Id.* at 735.

■ As a result, tort claims based on theories nominally derived from state law are preempted when in fact they are premised on the duty of fair representation. *In re Glass*, 983 F.2d at 728–29. Because Newman has failed to articulate theories clearly independent of rights covered by the duty of fair representation, Newman's argument that her harassment and discrimination claims are governed by Ohio law is unpersuasive. *Id.* at 729.

■ Duty of fair representation claims include, *inter alia*, allegations of unfair, dishonest, or arbitrary treatment of workers by unions. *DelCostello v. Teamsters*, 462 U.S. 151, 170, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). A union, therefore, breaches its duty to fairly represent a union member when its conduct toward that member is arbitrary, discriminatory, or in bad faith. *Marquez v. Screen Actors Guild*, 525 U.S. 33, 44, 119 S.Ct. 292, 142 L.Ed.2d 242 (1998). Newman's original complaint to the EEOC, and her amended complaint to this court, are premised on statements alleging that defendants either "failed to represent [her]" or that "[d]efendants failed and refused to remedy the conduct." (Doc. 42, Attachment 1 at 15; Doc. 33 at 4). Because Newman alleges that the defendants allegedly failed to represent her fairly and without discrimination or hostility, her state law claims essentially allege violations of the federal duty of fair representation. Therefore, they are preempted.

Newman argues that, even if her discrimination and harassment claims are preempted by federal law, her claim of intentional infliction of emotional distress falls within a narrow exception to preemption recognized by the Supreme Court in *Farmer v. United Bhd. of Carpenters and Joiners of America, Local 25*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977). In *Farmer*, the Supreme Court concluded that such emotional distress claims are not preempted, stating that "[n]o provision of the National Labor Relations Act protects the 'outrageous conduct' complained of . . . [therefore] there is no federal protection for conduct on the part of union officers which is so outrageous that 'no reasonable man in a civilized society should be expected to endure it.'" *Id.* at 302, 97 S.Ct. 1056. (internal citations omitted).

The Court in *Farmer* cautioned that this exception to preemption should only be applied to allegations of state torts that are: 1) unrelated to the employment discrimination; or that are 2) a function not of the discrimination itself, but of the particularly abusive *manner* in which the discrimination is accomplished. *Id.* at 305, 97 S.Ct. 1056 (emphasis added).

■ It cannot be said that the emotional distress Newman complained of was unrelated to the alleged employment discrimination. However, the emotional distress she allegedly encountered did not result from the mere fact of discrimination or harassment. The methods of harassment and discrimination were allegedly "extreme and outrageous and exceed[ing] all bounds of decency tolerated by civilized society." (Doc. 33 at 5). Hence, a trier of fact might find that the resulting emotional distress resulted from the abusive manner of the harassment and discrimination.

Therefore, Newman's emotional distress claim falls within the *Farmer* exception to federal preemption and is, consequently, not preempted by the duty of fair representation.

## Statute of Limitations

In *Adkins v. International Union of Electrical, Radio & Machine Workers*, 769 F.2d 330, 335 (6th Cir.1985), the Sixth Circuit stated that the six-month limitations period of § 10(b) of the NLRA applies to all unfair representation claims, regardless of the nature or presence of a concomitant LMRA § 301 claim. The limitations period begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. *Robinson v. Central Brass Mfg. Co.*, 987 F.2d 1235, 1238 (6th Cir.1993).

Because Newman claims that the alleged harassment and discrimination violations occurred no later than October 25, 2000, neither the harassment nor the discrimination claims were filed within the applicable six-month limitations period. Therefore, Newman's harassment and discrimination claims are time-barred and are appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir.1999).

Pursuant to O.R.C. § 2305.09, the Ohio Supreme Court in *Yeager v. Local Union 20*, 6 Ohio St.3d 369, 453 N.E.2d 666 (1983), concluded that the statute of limitations for intentional infliction of emotional distress claims in Ohio is four years. Because Newman's emotional distress claim is not preempted by the duty of fair representation, Ohio law governs the limitations period for this claim. Therefore, Newman's emotional distress has been filed in a timely manner and is properly before this court.

## Conclusion

In light of the foregoing, it is hereby

ORDERED THAT

1) Defendant's motion to dismiss plaintiff/intervenor's second cause of action hereby is, granted;

2) Defendant's motion to dismiss plaintiff/intervenor's third cause of action hereby is, granted;

3) Defendant's motion to dismiss plaintiff/intervenor's fourth cause of action hereby is, denied.

So ordered.